NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-930

MARITZA M. KNIGHT

vs.

DIRECTOR OF DEPARTMENT OF UNEMPLOYMENT ASSISTANCE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Maritza M. Knight, appeals from a District Court judgment affirming a determination by the Department of Unemployment Assistance (DUA) that she is ineligible for unemployment benefits pursuant to G. L. c. 151A, § 25 (e) (1). On appeal, the plaintiff claims that the DUA review examiner (examiner) erred in determining that she did not resign for urgent and compelling reasons and by failing to assess whether further attempts by the plaintiff to preserve her employment would have been futile. We affirm.

---

[1] Walker Home for Children. We are informed on appeal that the name of the entity is Walker, Inc. However, where the plaintiff has referred to the entity as Walker Home for Children throughout, we use that name in the case caption.

Background.  We summarize the examiner's factual findings, supplementing them as necessary with materials from the administrative record.  From September 2022 to November 2023, the plaintiff worked as a special education teacher for Walker Home for Children (employer), at a therapeutic school in Watertown.  She lived in Fitchburg, which was roughly a ninety-minute drive from the school.  The plaintiff suffered from glaucoma, with symptoms including headaches, eye pain, and blurry vision, which were exacerbated by her long commute.  Her physician had advised her to cut back on driving, so to avoid the drive, the plaintiff sometimes had her husband drive her to work, rode the train, or rented a hotel room.  She also asked the employer if she could sleep at a school boarding facility, but the employer said that it was for students only.  On November 1, 2023, the plaintiff went to the emergency room with eye pain and a migraine headache.  A doctor diagnosed her with work-related stress.  The next day, she resigned from her employment, citing health concerns.

In December 2023, the DUA notified the plaintiff that she was not entitled to receive unemployment benefits because her resignation was considered voluntary.  The plaintiff appealed from that notice, and a hearing was held before the examiner.  The examiner upheld the notice, and the plaintiff appealed from

2

that decision to the DUA board of review (board) and then to the District Court, both of which confirmed the original notice.

Discussion. 1. Standard of review. Our review of the board's decision is governed by G. L. c. 30A, § 14 (7). See G. L. c. 151A, § 42. "The agency's decision may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Coverall N. Am., Inc. v. Commissioner of the Div. of Unemployment Assistance, 447 Mass. 852, 857 (2006). "In reviewing an agency's decision, the court 'shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.'" Id., quoting G. L. c. 30A, § 14 (7). We review the board's decision to determine "whether [it] contains sufficient findings to demonstrate that the correct legal principles were applied, and whether those findings were supported by substantial evidence." Norfolk County Retirement Sys. v. Director of the Dep't of Labor & Workforce Dev., 66 Mass. App. Ct. 759, 764 (2006). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Lisbon v.

3

Contributory Retirement Appeal Bd., 41 Mass. App. Ct. 246, 257 (1996), quoting G. L. c. 30A, § 1 (6).[2]

2. Substantial evidence. At the hearing, the plaintiff had the burden to prove that her reasons for leaving her employment were of "such an urgent, compelling and necessitous nature as to make [her] separation involuntary." G. L. c. 151A, § 25 (e). To meet this standard, the plaintiff had to demonstrate that she made "a reasonable attempt to correct those conditions of employment which [she] now claims justified [her] leaving [her] employment," or that "such an attempt would have been futile." Kowalski v. Director of Div. of Employment Sec., 391 Mass. 1005, 1006 (1984).

The plaintiff argues that the examiner's findings compelled the conclusion that she took reasonable steps to preserve her employment, and that his contrary conclusion was unsupported by the evidence. Furthermore, she contends that requesting a leave of absence prior to resigning would have been futile, yet the examiner failed to address futility in his findings. We disagree that the examiner's conclusion was unsupported by

---

[2] The board's summary decision stated that the examiner's decision was based on substantial evidence and was free from any errors of law affecting substantive rights. Accordingly, our analysis focuses on the examiner's decision, which was effectively adopted by the board.

4

substantial evidence and conclude that the examiner was not required to address futility on this record.

a. Reasonable efforts to preserve employment. The examiner acknowledged that the plaintiff made some efforts to minimize her driving when it was difficult for her to travel. However, the plaintiff was not advised by a doctor to leave her job and "did not attempt to preserve her job by requesting an accommodation, such as a leave of absence," despite the employer sending her information on how to take one. Although requesting a leave of absence is not required for a plaintiff to demonstrate an attempt to preserve employment, it is a proper factor for an examiner to consider. See Dohoney v. Director of Div. of Employment Sec., 377 Mass. 333, 336 (1979). Additionally, the plaintiff did not notify the employer about the difficulty of her commute due to her glaucoma before resigning, making it impossible for the examiner to evaluate which specific accommodations the employer would have been willing to provide. See Ducharme v. Commissioner of Dep't of Employment & Training, 49 Mass. App. Ct. 206, 209 (2000) (analysis of employee's efforts to preserve employment included willingness of employer to make accommodations). The plaintiff's evidence of the steps she took to preserve her employment, such as taking the train or staying at a nearby hotel, lacked detail. For example, she wrote in her application

for unemployment benefits that the train once was delayed due to flooding on the track but did not provide enough detail for the examiner to conclude the train was generally not a viable option.  Because the plaintiff did not seek a leave of absence to explore other arrangements to address her health concerns, notify the employer of her need for accommodations, or explain her independent attempts to preserve employment in sufficient detail, the examiner's determination that she "did not prove she left for urgent and compelling reasons" was supported by substantial evidence.  See Sohler v. Director of the Div. of Employment Sec., 377 Mass. 785, 788 n.1 (1979) (burden of proof for all aspects of eligibility for unemployment benefits rests with worker).

b.  Futility.  At her hearing, the plaintiff did not argue that accommodation requests would have been futile or present any evidence that would support such a finding.  To the contrary, when asked by the examiner why she did not request a paid leave of absence, the plaintiff said she was not aware she had the option and suggested it could have helped her take time off for medical appointments.[3]  The examiner was required to make findings on "material issues presented by the record," but he

---

[3] The examiner found that the employer sent the plaintiff information on how to take medical leave.

6

need not have addressed futility sua sponte when the plaintiff did not raise it.  Smith v. Director of Div. of Employment Sec., 376 Mass. 563, 566 (1978) (remand necessary where employee argued workplace policy leading to his termination was not typically enforced, and examiner made no findings on credibility of his evidence on this contention).[4]

Judgment affirmed.

By the Court (Blake, C.J.,
Meade & Brennan, JJ.[5]),

Clerk

Entered:  July 21, 2026.

---

[4] Even if the examiner had addressed futility, the record did not support a finding that efforts by the plaintiff to correct the conditions of employment that she claimed justified resignation would have been futile.  At her hearing and in response to earlier DUA questionnaires on her eligibility for benefits, the plaintiff described a variety of health issues contributing to her resignation, including high blood pressure, stress, and glaucoma.  She also presented a doctor's note stating it was "difficult for her to drive at night."  Although the plaintiff contends on appeal that a leave of absence would not have had any impact on her glaucoma, it could have ameliorated her other conditions, and accommodations like an earlier schedule to limit her nighttime driving might have been possible.  However, because she neither requested these options from her employer nor presented evidence on them at her hearing, the examiner could not have made findings on their potential efficacy.  See Ducharme, 49 Mass. App. Ct. at 209 (employee failed to demonstrate seeking accommodations would have been futile where employer signaled openness to accommodations that employee did not pursue).

[5] The panelists are listed in order of seniority.

7